IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY GLENN HEADEN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA | : | NO. 15-6811 |
| PA, FEDERAL COURTHOUSE | : | |

MEMORANDUM

SLOMSKY, J.                                            DECEMBER 23, 2016

Plaintiff Jeffrey Glenn Headen brings this civil rights action, pursuant to 42 U.S.C. § 1983, against the Commonwealth of Pennsylvania and the "Pa, Federal Courthouse," based on conditions in which he was confined at the Curran-Fromhold Correctional Facility and the Philadelphia Detention Center. After granting plaintiff leave to proceed *in forma pauperis*, the Court dismissed his complaint and gave him leave to file an amended complaint. Plaintiff responded by filing a letter. The Court will construe the letter as an amended complaint and dismiss it with prejudice for failure to state a claim.

I.   FACTS AND PROCEDURAL HISTORY

According to his initial complaint, plaintiff was incarcerated at the Curran-Fromhold Correctional Facility and the Philadelphia Detention Center at times from 2004 through 2012. While he was incarcerated, he was "force[d] to share [his] cell with 2 other imates [sic]." (Compl. ¶ III.C.) He also alleged that he was administered the wrong medication while incarcerated. Plaintiff sought damages for having been placed "in unhumain [sic] conditions." (*Id.* ¶ V.)

In an October 4, 2016 order, the Court granted plaintiff leave to proceed *in forma pauperis* and dismissed his complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

1

The Court informed plaintiff that the Commonwealth of Pennsylvania and the "Pa, Federal Courthouse" were not appropriate defendants under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). The Court also informed plaintiff that a two-year statute of limitations applied to his claims, and that it appeared his claims were untimely. However, the Court gave plaintiff leave to file an amended complaint in the event he could state a timely claim against an appropriate defendant.

Plaintiff did not file an amended complaint in response to the Court's order. He did, however, submit a letter in support of his claims. In light of plaintiff's *pro se* status, the Court will construe the letter as an amended complaint.

In his letter, plaintiff discusses social security benefits and indicates that he prevailed before a judge in New York concerning his social security claim. He also discusses his treatment for depression and bi-polar disorder, as well as his recovery. Plaintiff adds that he hopes the letter will assist the Court with his "3 in a cell claim."

## II. STANDARD OF REVIEW

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006). As plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

As noted in the Court's October 4, 2016 order, plaintiff cannot state a claim against the Commonwealth of Pennsylvania because the Commonwealth is not a "person" for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). Nor is the "Pa, Federal Courthouse" an appropriate defendant under § 1983.[1] As plaintiff has not sought to raise claims against any other defendants, there is no legal basis for proceeding here.

It is also apparent that plaintiff's claims are time-barred because they accrued between 2004 and 2012, more than two years before he filed this civil action on December 24, 2015. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *see also* 42 Pa. Cons. Stat. § 5524. Plaintiff may be seeking to toll the limitations period based on the fact that he experienced personal difficulties, including a struggle with depression, after 2012. However, his allegations do not provide a basis for equitable tolling, as there is no indication that plaintiff was prevented from asserting his rights in an extraordinary way, especially since it appears he was capable of pursing a social security claim during that time. *See Kach v. Hose*, 589 F.3d 626, 644-45 (3d Cir. 2009).

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss this case because plaintiff has failed to state a timely claim against an appropriate defendant. Plaintiff will not be given further leave to amend because amendment would be futile. An appropriate order follows.

---

[1] To the extent plaintiff intended to raise claims against the federal government under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which provides a damages remedy for constitutional violations committed by federal actors, his claims fail because *Bivens* does not create a remedy for damages against the federal government or its agencies. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994).

3